# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **FELIPE DELEMOS ABREU** | * | **CIVIL ACTION NO. 05-1253** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALEZ, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Document No. 1) and a Motion to Stay Deportation, Appoint Counsel, and Return Legal Documents (Document No. 11) filed by Petitioner, Felipe Delemos Abreu ("Abreu"). The Respondents ("Government") oppose both motions and seeks dismissal or summary judgment. (Document No. 12). For reasons stated below, it is recommended that Abreu's petition for a writ of habeas corpus and motion to stay be **DISMISSED without prejudice.**

## BACKGROUND

Pursuant to 8 U.S.C. § 1226(c), Abreu, a citizen of the Dominican Republic, was taken into custody by the United States Bureau of Immigration and Customs Enforcement ("ICE") on July 8, 2004, shortly after his conviction for conspiracy to possess cocaine with intent to distribute. Abreu was detained at Tensas Parish Detention Center pending completion of removal proceedings.

On July 11, 2005, Abreu filed his habeas corpus petition with this Court, seeking removal from ICE custody with bond pending the appeal of his removal order. In his petition, Abreu claimed that he had been ordered removed on December 8, 2004. However, he provided no support for this allegation. The Government, meanwhile, in its opposition, provided

documentation showing that on August 5, 2005, in an Immigration Court in Atlanta, Georgia, Abreu was ordered removed from the United States to his native country. While Abreu sought to appeal this removal order, he withdrew his appeal on October 14, 2005, and as of November 3, 2005, the removal order is final.

On November 14, 2005, Abreu filed his Motion to Stay, Appoint Counsel, and Return Legal Documents, in which he sought a stay of the final removal pending the resolution of his Petition for *Coram Nobis* currently before the United States District Court for the Southern District of Ohio. In this petition, Abreu sought to have his criminal sentence overturned on grounds of ineffective assistance of counsel because his trial counsel allegedly failed to seek a judicial recommendation against deportation. Abreu also seeks in his motion before this Court to have counsel appointed and to have ICE return unspecified documents allegedly located at the Tensas Parish Detention Center.

## LAW AND ANALYSIS

<u>Petition for Habeas Corpus under 28 U.S.C. § 2241</u>

As stated above, Abreu's petition sought release on bond pending the completion of removal proceedings. However, a final removal order is now in place, and, therefore, this aspect of Abreu's petition is moot.

To the extent that Abreu now seeks post-removal order release under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is recommended that his petition be denied as premature. In *Zadvydas*, the United States Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be

limited to six months after the removal order is final. *Id.* at 697-702. After that six months period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In the present matter, ICE's detention of Abreu has yet to exceed the six-month "reasonably necessary" period identified in *Zadvydas*. Abreu's removal order, which was issued in August 2005, did not become final until November 3, 2005, when he withdrew his appeal. The six-month "reasonably necessary" detention period will not expire until May 3, 2006. Therefore, to the extent that Abreu's habeas petition challenges his post-removal-order detention, it is premature, and it is recommended that his petition be **DISMISSED without prejudice.**

Motion to Stay

Abreu seeks to stay the final removal order entered against him by an Immigration Court in Atlanta, Georgia, pending a ruling on his Petition for *Corum Noblis* before a Ohio federal district court. Additionally, Abreu requests that this Court appoint counsel for him and order ICE to return documents of his allegedly located at Tensas Parish Detention Center. This Court, however, lacks jurisdiction over Abreu's claims.

The REAL ID Act, signed by the President on May 11, 2005, divested the federal district courts of jurisdiction to review challenges to removal orders. Instead, when a district court receives such a challenge in a habeas corpus petition, the district court must transfer the petition to the appropriate circuit court of appeals pursuant to section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (codified at 8 U.S.C. § 1252 (2005)) if the case was pending at the time the REAL ID Act became effective, or dismiss the case without prejudice for lack of subject-matter jurisdiction. This divestment of jurisdiction extends beyond

3

substantive challenges to removal orders, and it also applies to "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." *Id.* at § 106(a)(2) (amending 8 U.S.C. § 1252(b)(9)). Petitioners seeking to directly challenge removal orders and raise other related claims must "file[] [their petitions] in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2) (1999 & Supp 2005).

Thus, this Court lacks jurisdiction over the claims Abreu raises in his Motion to Stay, Appoint Counsel, and Return Legal Documents, and because this matter was not filed until July 11, 2005, it is recommended that the motion to stay be **DISMISSED without prejudice for lack of subject-matter jurisdiction.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\Habeas\05-1253.012706.rr.klh.frm